UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UAB SKYROAD LEASING,<br>Liepyno g. 2, 08108 Vilnius, Lithuania,<br><br>       Petitioner,<br><br>   v.<br><br>OJSC Tajik Air<br>The Republic of Tajikistan,<br>32/1 Mastongulov Mirzo Str., 734012 Dushanbe,<br>Republic of Tajikistan,<br><br>       Respondent. | Case No. 1:20-cv-00763-APM |

**EMERGENCY MOTION TO SERVE RESPONDENT**
**<u>VIA ALTERNATIVE MODE OF SERVICE, 28 U.S.C. § 1608(b)(3)(C)</u>**

1

UAB Skyroad Leasing ("Petitioner") respectfully submits this motion to the Court on an emergency basis promptly after the filing of its Petition to Confirm, Recognize, and Enforce a Foreign Arbitral Award, filed on March 18, 2020 ("Petition"), in the above captioned case, to obtain the Court's instructions on service of process under the circumstances. Petitioner is proceeding in this action under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq*. This is a motion to proceed and accomplish service on an agency and instrumentality of the foreign state of the Republic of Tajikistan under Federal Rules of Civil Procedure 4(j)(1) and 28 U.S.C. § 1608(b)(3)(C) through an alternative method of service. We are mindful of the statutory deadlines for perfecting service as well as the current health emergency and respectfully submit that this motion be determined without an in-person appearance. Specifically, Petitioner respectfully requests an appropriate order to serve the State owned Respondent, OJSC Tajik Air, via one or all of the following methods of service: (1) email service on Respondent; (2) email service on Respondent's counsel, the Legal Department of the Ministry of Transport of the Republic of Tajikistan, in the relevant arbitration; (3) mail or hand delivery to Respondent's office; and (4) mail delivery to Respondent's address named in the original Financial Lease Agreement upon which the arbitration award is based for notices, General Director, State Unitary Aviation Enterprise "Tajik Air," Titov Street 32/1 Dushanbe, the Summons, Petition and Notice of Suit, with translations into Tajik.

The statute lists methods for effecting service on an agency or instrumentality of a foreign state, but the standard to be applied for methods of service other than those enumerated is whether that alternative method is "reasonably calculated to give actual notice" to an agency or instrumentality. 28 U.S.C. § 1608(b)(1)-(3). The standard is forgiving and substantial compliance with the statutory scheme is all that is required. *See, e.g.*, *Transaero, Inc. v. La Fuerza Aerea*

*Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 268-69 (D.D.C. 2011) ("the D.C. Circuit has explained that 'substantial compliance with the provisions of service upon an agency or instrumentality of a foreign state— that is, service that gives actual notice . . . to the proper individuals within the agency or instrumentality—is sufficient to effectuate service under section 1608(b);'" "the 'substantial compliance' test applicable to § 1608(b) service 'is devoted to common sense realism: a party can give 'technically faulty' service under section 1608(b), as long as the intended party for service in fact received actual notice of the lawsuit. The test rejects formalism'"). None of the methods enumerated in the statute are viable in this case, and Tajikistan is not a signatory to the Hague Service Convention or any similar treaty with the United States. Nevertheless, Petitioner is proceeding prudently in making this motion to preempt issues at a later date and arguments based on defects in service by requesting an order for the Court under § 1608(b)(3)(C) prior to serving.

Petitioner is using all diligent efforts to explore avenues of effectuating service on Tajik Air under the circumstances. *See Karcher v. Islamic Republic of Iran*, 249 F. Supp. 3d 557, 558 (D.D.C. 2017). We have consulted with the Clerk's Office, the *Attorney Manual for Service of Process on a Foreign Defendant* as well as contacted the Office of Legal Affairs at the United States Department of State. The statute 28 U.S.C. § 1608(b) states specifically:

> (b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the

3

> United States; or in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state--
>
> (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
>
> (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
>
> (C) as directed by order of the court consistent with the law of the place where service is to be made.

Petitioner exhausted all other potentially applicable procedures under 28 U.S.C. § 1608(b). 28 U.S.C. § 1608(b)(1) is inapplicable because no special arrangement exists between Petitioner and Respondent for service. Service under 28 U.S.C. § 1608(b)(2) is also not feasible because the Republic of Tajikistan is not a party to the Hague Service Convention, the Convention of November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, and there is no other applicable international convention for service in the Republic of Tajikistan. Tajik Air also has no special arrangement for the service of judicial documents on an appointed agent in the United States. Further, the method of service under § 1608(b)(3)(B) is also not viable because the Republic of Tajikistan has barred all certified mailing services such as DHL, FedEx, UPS from operating in the country and USPS does not provide a "form of mail requiring a signed receipt" in Tajikistan. *See* 28 U.S.C. § 1608(b)(3)(B).

Other methods of service proposed should be analyzed under the statutory actual notice standard. Section 1608(b) "may be satisfied by technically faulty service that gives adequate notice to the foreign state." *Transaero*, 30 F.3d at 153. The legal standard is actual notice and substantial compliance with the statute. "Section 1608(b)(3) allows simple delivery 'if reasonably calculated to give actual notice,' showing that Congress was there concerned with

4

substance rather than form; but the analogous subsection of section 1608(a) says nothing about actual notice. The distinction is neatly tailored to the differences between 'foreign states' and 'agencies or instrumentalities.' The latter, typically international commercial enterprises, often possess a sophisticated knowledge of the United States legal system that other organs of foreign governments may lack." *Id.* at 154. Tajik Air is an international commercial enterprise, and the methods proposed by Petitioner are calculated to provide actual notice to Tajik Air of the initiation of an action against them. *Agudas*, 798 F. Supp. 2d. at 269; *see Doe I v. State of Israel*, 400 F. Supp. 2d 86, 102 (D.D.C. 2005) ("The service requirements of § 1608(b) are less stringent than those of § 1608(a), and can be satisfied by 'technically faulty service' as long as the defendants receive adequate notice of the suit and are not prejudiced.").

In preparation for service of process under 28 U.S.C. § 1608(a)(4), Petitioner has followed all the procedures under the statute and the Petition, Summons, and Notice of Suit have been translated into Tajik in duplicate to apprise Respondent of the pendency of the action.

Petitioner is moving diligently to accomplish service in a timely fashion to apprise Respondent of the action but doing so through remote procedures as much as feasible in light of the situation with COVID-19. We respectfully request that the Court grant an order for service to be accomplished without an in-person hearing through alternative methods proposed by Petitioner under 28 U.S.C. § 1608(b)(3)(C), including (1) email service upon Respondent; (2) email service upon Respondent's counsel, the Legal Department of the Ministry of Transport of the Republic of Tajikistan, in the relevant arbitration; (3) mail or hand delivery to Respondent's office; (4) mail or hand delivery service to Respondent's address named in the original Financial Lease Agreement upon which the arbitration award is based for notices, of the Summons, Petition and Notice of Suit, with translations into Tajik, and all accompanying papers.

Under the specific circumstances presented, Petitioner respectfully requests that the Court issue an order forthwith. An appropriate proposed order accompanies this motion.

Respectfully submitted,

Dated: March 20, 2020

/s/ **Michael S. Cryan**
Michael S. Cryan, Esq.
D.C. Bar No. 452527
ARENT FOX LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
Tel: 212-484-3900
Fax: 212-484-3990
Email: michael.cryan@arentfox.com

Jason Rotstein, Esq.
D.C. Bar No. 1643178
ARENT FOX LLP
1717 K Street
Washington, DC 20006
Tel: 202-857-6354
Fax: 202-857-6395
Email: jason.rotstein@arentfox.com
*Attorneys for Petitioner Skyroad Leasing*